UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 6, 2017
```

-----------------------------------------------------------X
                                            :

YIMBY, INC.,                                :

                   *Plaintiff*,           :

                                 :         17 Civ. 223  (PAC)

      *-against-*                 :

NIKOLAI FEDAK and NEW YORK YIMBY   :        **OPINION & ORDER**
LLC,                               :

                   *Defendants.*   :

-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiff Yimby, Inc. ("Yimby") brought this action against defendants Nikolai Fedak and

New York Yimby LLC, (together, "Defendants") seeking to recover property Defendants allegedly

wrongfully took, and also seeking money damages. Plaintiff moved for a temporary restraining order

("TRO") on February 10, 2017. Dkt. 22. The same day, after a hearing on the motion, the Court

granted a TRO in Plaintiff's favor.[1]  *Id.*  On Wednesday, February 15, 2017, Plaintiff's counsel,

Anthony D. Dougherty, advised the Court that it could no longer rely on material evidence submitted

in support of Plaintiff's TRO motion. Dkt. 31-2. The letter stated that Plaintiff "consented to allow

[counsel] to seek dismissal of this matter in its entirety."  *Id.*  It continued that Defendants' counsel,

Steven M. Wagner, "agreed to dismiss the matter" but noted that Mr. Wagner "may move for

sanctions against the plaintiff."  *Id.*  The Court held a conference the same day.

      At the conference, it became apparent to the Court that an employment agreement

purportedly signed by Mr. Fedak ("Employment Agreement") had been forged by Plaintiff's CEO,

---

[1] The TRO required Plaintiff to post a $250,000 bond before going into effect, but Plaintiff never posted the bond.
Accordingly, Defendants did not comply with any of the TRO's mandates. The Court vacated the TRO in an Order of
February 16, 2017.

Daniel George. Mr. George's declaration filed in support of the TRO motion was false, as well. The Employment Agreement—attached to the operative complaint and submitted in support of the TRO—was of central importance to the Court's decision to grant the TRO, and, as described by Plaintiff's counsel, a "linchpin" to the case itself. Feb. 15, 2017 Conf. Tr., Dkt. 36-2, at 8:17–19 ("The linchpin, as we understood and analyzed the case, centered on a signed employment agreement . . . ."). The Court therefore explained that it would dismiss the action pursuant to Fed. R. Civ. P. 41(a)(2). *Id.* at 6:2–10, 12:10–22.

On February 16, 2017, the Court dismissed the action "pursuant to Fed. R. Civ. P. 41(a)(2)." Dkt. 31. The Court also ordered "that by February 24, 2017, Plaintiff pay Defendants $30,000 for Defendants' attorney's fees, time, and expenses." *Id.* On February 21, 2017, Mr. Wagner notified the Court that Plaintiff had not complied with certain of the Court's February 16, 2017 orders and had indicated that it would not pay the $30,000. *See* Dkt. 32. On February 22, 2017 the Court held a conference. At the conference, Mr. Wagner requested that the Court amend its February 16, 2017 Order "to have dismissal be with prejudice." Feb. 22, 2017 Conf. Tr., Dkt. 36-3, at 4:17–23. There was no objection. On February 23, 2017, the Court ordered "that the February 16, 2017 dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(2) is with prejudice." Dkt. 33.

On March 1, 2017, Plaintiff filed a motion (1) for reconsideration of the Court's dismissal with prejudice; and (2) requesting an additional 90 days to make the $30,000 payment to Defendants. Dkt. 35. On March 2, 2017, Defendants filed their opposition. Dkt. 36. On March 3, 2017, the Court heard argument on Plaintiff's motion. For the reasons described below, Plaintiff's motion to reconsider is denied.

## ANALYSIS

### I. Motion for Reconsideration

Plaintiff raises five arguments for why dismissal should not be with prejudice. They are all

2

unavailing.

First, Plaintiff argues that Mr. Dougherty's February 15, 2017 letter operated as a notice of voluntary dismissal, pursuant to Rule 41(a)(1)(A)(i). Thus, according to Plaintiff, because the letter did not state that dismissal was to be with prejudice, the dismissal necessarily was without prejudice under the Second Circuit's ruling in *Youssef v. Tishman Constr. Corp.*, 744 F.3d 821 (2d Cir. 2014).

In *Youssef*, the plaintiff filed a sealed *qui tam* action in the Southern District of New York alleging violations of the federal and New York False Claims Act. *Youssef*, 744 F.3d at 822. The seal was extended several times while the New York Attorney General and the U.S. Attorney's Office considered whether to proceed. *Id.* They eventually declined to prosecute. *Id.* Thereafter, and before the defendants answered or moved for summary judgment (indeed the defendants had not yet even been served), the plaintiff's counsel submitted a letter to the district court seeking dismissal of the action. *Id.* The letter stated "I have spoke[n] to my client and in view of the government's decision not to intervene he has decided not to pursue this matter any further." *Id.*

The district court then dismissed the action without prejudice as to the United States and the State of New York, but with prejudice as to the plaintiff's claims. *Id.* Approximately eight months later, the plaintiff re-filed his claim in the Eastern District of New York. *Id.* at 822–23. The plaintiff alleged that only after re-filing his claim did he learn that the Southern District had dismissed his case with prejudice. *Id.* at 823. He thereafter requested that the Southern District court modify its order to be without prejudice. *Id.* The district court declined to modify its order, and the plaintiff appealed. *Id.* On appeal, the Second Circuit explained that for voluntary dismissals under Rule 41(a)(1), unless the plaintiff indicates it seeks dismissal with prejudice, a district court has no discretion to order that the dismissal be anything other than without prejudice. *See id.* at 824–25.

The problem for Plaintiff is that the Court dismissed the action pursuant to Rule 41(a)(2), not Rule 41(a)(1). It is not at all clear why *Youssef* should have any application. In *Youssef*, the

plaintiff's counsel clearly stated that the plaintiff would not "pursue this matter any further." Here, in contrast, Mr. Dougherty's letter reflects a request for the Court to take action and order the matter dismissed. If Plaintiff were noticing its dismissal of the action pursuant to Rule 41(a)(1)(A)(i), there would have been no need to "seek" dismissal from the Court.

Also, unlike in *Youssef* where the plaintiff purportedly had no knowledge that the court had ordered dismissal with prejudice, Plaintiff here was aware that the Court would be granting dismissal pursuant to Rule 41(a)(2). The Court stated in open court—at a conference that Mr. Dougherty attended—that it would dismiss the case pursuant to Rule 41(a)(2). Feb. 15, 2017 Conf. Tr. at 6:2–12. If Mr. Dougherty had intended by his letter to dismiss the action pursuant to Rule 41(a)(1)(A)(i), he could have so informed the Court. But he did not. Instead, he reaffirmed that Plaintiff's CEO consented for Mr. Dougherty to come before the Court to "seek the withdrawal of the complaint," and stated that Plaintiff was withdrawing the complaint "[i]f it so pleases the Court." *Id.* at 5:16–17, 12:10–22. Mr. Dougherty further explained that Mr. Wagner intended to seek sanctions. *Id.* at 5:9–12. As a result, the request for dismissal was more in line with a request pursuant to Rule 41(a)(2), because the Court would then be able to determine whether it considered sanctions a proper term in ordering dismissal.

Second, Plaintiff posits that the Court ordered the dismissal of this action with prejudice in response to Plaintiff's failure to comply with the February 16, 2017 Order. Not so. The Court's February 23, 2017 modification to the dismissal was solely meant to clarify its February 16, 2017 Order. At all times since the Court determined that the Employment Agreement was forged and that Mr. George had submitted a false declaration in connection with the TRO motion, the Court has contemplated that Plaintiff should not be permitted to continue its lawsuit against Defendants. Allowing Plaintiff to walk away from a forged signature and a false declaration, so that the lawsuit could be restarted as though nothing had happened, would be a perverse application of the Federal

Rules of Civil Procedure, which are designed to secure the just determination of actions and proceedings. *See* Fed. R. Civ. P. 1.

Third, Plaintiff asserts that dismissal with prejudice will harm Plaintiff's innocent shareholders and employees, and grant an unjust windfall to Defendants. But in raising this argument, Plaintiff ignores its own role in this action. It was Plaintiff who initiated this lawsuit based on a forged document. Efforts to separate itself from the actions that its CEO and 47.5% shareholder (Mr. George) took on its behalf are wholly unpersuasive. This is especially so as Plaintiff has given no indication that Mr. George will cease to serve as an officer for Plaintiff or play a significant role in the lawsuit. Further, the Court is not convinced that Plaintiff has any meritorious claim against Defendants given that (1) Plaintiff can no longer use the Employment Agreement as a basis for any of its claim against Defendants, and (2) there is reason to doubt that Mr. Fedak infringed Plaintiff's purported trademark. The Court therefore cannot conclude that Defendants will receive any unjust windfall as a result of the dismissal with prejudice.

Fourth, Plaintiff contends that dismissal with prejudice is unreasonably harsh. The Court disagrees. Plaintiff successfully obtained a TRO against Defendants predicated on the forged Employment Agreement. In addition to the forged Employment Agreement, the Court was also presented with Mr. George's false declaration. The Court has no confidence that further litigation by Plaintiff will be above board, especially with Mr. George at Plaintiff's helm. Consequently, dismissal with prejudice is the appropriate sanction.

Fifth, Plaintiff submits that it will be denied its rights under the First and Seventh Amendments if it cannot continue its lawsuit against Defendants. Plaintiff is correct that parties have the right to bring a lawsuit. They do not, however, have the right to bring a lawsuit based on a forged signature and supported by a false declaration.

5

## II. Additional Time Request

On March 2, 2017, six days after the time by which Plaintiff was ordered to pay Defendants $30,000, Plaintiff requested an additional 90 days to comply.  Plaintiff's request is limited to exactly two sentences, only one of which addresses any purported need for an extension.  Mot. at 12.  That sentence states in full, "Yimby requires 90 days to pay the attorney's fees to defense counsel," and cites to a February 17, 2017 letter from Plaintiff, signed by Mr. George, to Defendants' counsel.  *Id.*; Feb. 17, 2017 Letter, Dkt. 33-2.  The letter, in turn, states that "[a]s a result of Mr. Fedak's unauthorized spending and disruption of the company's business, Yimby is not in a position to make a cash payment to [Mr.] Fedak at this time."  Dkt. 33-2.  This is clearly insufficient.  The Court cannot credit Mr. George's word regarding the company's financials and needs more of a showing of good cause before even contemplating an extension.

### CONCLUSION

Plaintiff's motion for reconsideration and for an additional 90 days to make payment to Defendants is DENIED.  The Clerk of Court is directed to close the motion at Docket 35.


Dated: New York, New York                    SO ORDERED
      March  6 , 2017

                                   PAUL A. CROTTY
                                   United States District Judge